Elizabeth B. Bliss *vs.* Edward B. Blaisdell.

York.   Opinion July 1, 1913.

*Contract.   Trespass.   Way.*
*See Blaisdell vs. Inhabitants of the Town of York, Reported in this Volume.*

All the questions raised in this case were raised and disposed of in the case of *Blaisdell* v. *Inhabitants of York*. It was there held that the laying out of the way was valid, and that the defendant was proceeding under a legal contract with the town.

On report.   Judgment for defendant.

This is an action of trespass quare clausum to recover damages for entry upon plaintiff's land in York, in the county of York. The defendant justifies under a contract made with the town of York for the construction of a way and bridge laid out by the county commissioners of York County. This case was reported with the case of *Blaisdell* v. *Inhabitants of the Town of York,* reported in this volume.

The case is stated in the opinion.

*Chauncey Hackett, and Arthur E. Sewall,* for plaintiff.
*John C. Stewart,* for defendant.

Sitting:   Savage, C. J., Spear, Cornish, King, Bird, JJ.

Cornish, J.   This is an action of trespass quare clausum, to recover damages for entry upon plaintiff's land in the town of York.

The defendant justifies under a contract made with the town for the construction of a way and bridge as laid out by the county commissioners of York County between the towns of York and Kittery and across the York River. The plaintiff replies that the proceedings of the County Commissioners were invalid, that they conferred no authority upon the town to build the way and that the town conferred no legal authority upon the plaintiff as the contract was illegal and void. All of the questions raised in this case were

raised and disposed of in the case of *Blaisdell* v. *York,* decided herewith, and it is unnecessary to consider them further. It was there held that the laying out of the way was valid, and that the defendant was proceeding under a legal contract with the town. His entry upon the plaintiff's land was therefore lawful and the mandate must be,

*Judgment for defendant.*